21-1281-pr
*Ross v. Annucci*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-two.

Present:

> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
>     *Circuit Judges*.

---

GERALD ROSS,

> *Petitioner-Appellant*,

v.                                                                                   21-1281-pr

ANTHONY J. ANNUCCI, LETITIA JAMES,

> *Respondents-Appellees*.

| | |
|---|---|
| For Petitioner-Appellant: | ANGIE LOUIE, The Legal Aid Society, New York, NY |
| For Respondent-Appellee: | PRISCILLA STEWARD, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General for Criminal Matters, *on the brief*), *for* Letitia James, Attorney General, State of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Gerald Ross appeals from the district court's judgment, entered April 21, 2021, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. After a jury trial in the New York Supreme Court, Ross was found guilty of two counts of attempted sexual abuse in the first degree (N.Y. Penal Law §§ 110.00 and 130.65(3)) and one count of endangering the welfare of a child (N.Y. Penal Law § 260.10(1)) on March 7, 2011. Ross asserts that he was denied effective assistance of counsel when his trial attorney incorrectly advised him, during the plea-bargaining process, of the maximum sentencing exposure he faced.

On April 7, 2011, Ross was sentenced to (1) the maximum four-year determinate sentence on each of the two counts of attempted sexual abuse in the first degree, to run consecutively to each other for a total of eight years; and (2) a one-year definite sentence for endangering the welfare of a child to run concurrently with the eight-year sentence. He was also sentenced to ten years of post-release supervision. Thus, in total, Ross was sentenced to eight years of imprisonment to be followed by ten years of post-release supervision. Prior to his trial, Ross rejected an offer to plead guilty to one count of attempted sexual abuse in exchange for a two-year prison term with five years of post-release supervision (the "Plea Offer").

In a sworn affidavit, Ross averred to the state courts that his attorney had "extensive conversations" with him about the Plea Offer, but that she failed to advise him that sentences for the two counts of attempted sexual abuse in the first degree could run consecutively. Joint App'x at 38–40. He stated that his attorney instead advised him that his potential maximum sentencing

2

exposure would only be four years of imprisonment with five years of post-release supervision. *Id.* at 40. However, had he known he was potentially facing eight years of imprisonment to be followed by ten years of post-release supervision, he "would have seriously considered accepting" the Plea Offer. *Id.* The state trial court denied Ross's motion to vacate his sentence based on ineffective assistance of counsel, and the state appellate division affirmed that denial. The district court then denied § 2254 relief. On appeal, Ross argues that the state courts' rejection of his claim amounted to an unreasonable application of Supreme Court precedent. We assume the parties' familiarity with the case.

A district court's denial of a § 2254 petition is reviewed *de novo*. *Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010). As relevant here, when a state court adjudicates a habeas petitioner's claim on the merits, a district court may grant relief if the state court's decision "involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court unreasonably applies federal law when it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 407–08 (2000). This standard is "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Courts should "not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (cleaned up).

The Supreme Court articulated the governing legal rule for this case in *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. Under *Strickland*, to establish that counsel was constitutionally ineffective, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient representation prejudiced the

3

defendant. *Id.* at 687–88. To satisfy the second, "prejudice" prong of the *Strickland* test under the circumstances of this case, Ross must show, among other things, that "but for the ineffective advice of counsel there is a reasonable probability that the [Plea Offer] would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

Our question is not whether Ross would have satisfied the two-part test if we were analyzing his claim in the first instance. *Bell v. Cone*, 535 U.S. 685, 698–99 (2002). Instead, we ask whether the state courts applied *Strickland* to the facts of Ross's case in an objectively unreasonable manner. *Id.* at 699. We therefore apply a "doubly deferential" standard of review "to a *Strickland* claim evaluated under the § 2254(d)(1) standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).[1]

We hold that the state courts' conclusion that Ross failed to make the necessary showing under the prejudice prong of the *Strickland* test was not unreasonable. Therefore, we need not reach Ross's allegations that his attorney's performance was deficient. *Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

Here, even if his attorney failed to advise him of his maximum sentencing exposure, Ross has not shown that, but for this alleged error, there is a "reasonable probability" that he would have

---

[1] To the extent that the state court's determination that Ross had failed to establish prejudice constitutes a factual determination, we need not decide whether Ross not only must establish that the state court's factual determination was unreasonable pursuant to 28 U.S.C. § 2254(d)(2), but also must overcome a presumption of correctness by clear and convincing evidence pursuant to 28 U.S.C. § 2254(e)(1). We conclude that even if the presumption in § 2254(e)(1) does not apply, Ross has failed to show that the state court's factual determination was unreasonable under the § 2254(d)(2) standard. *See Brumfield v. Cain*, 576 U.S. 305, 322 (2015) (recognizing that the Court has not yet "defined the precise relationship between § 2254(d)(2) and § 2254(e)(1)" and declining to do so where not required by the circumstances of the case (internal quotation marks omitted)); *see also Wood v. Allen*, 558 U.S. 290, 293 (2010) (concluding that the Court need not address the relationship between § 2254(d)(2) and (e)(1) because the state court's factual determination was reasonable even under the petitioner's reading of § 2254(d)(2)).

accepted the Plea Offer. *Lafler*, 566 U.S. at 164. His statement that, had he been properly advised, he "would have seriously considered accepting" the Plea Offer does not clearly meet this standard. Joint App'x at 40. Indeed, Ross declined the Plea Offer only after his "extensive conversations" with his attorney, *id.* at 39, which implies that his "serious consideration" of a plea offer would not, of itself, suggest any particular likelihood that he would accept that offer. To the contrary, to the extent there are any indications of what Ross was or was not likely to do, the record shows that he steadfastly maintained his innocence; this certainly does not suggest he was likely to accept a plea. Since we cannot conclude that the state courts' conclusion on this point was an unreasonable application of *Strickland* and its progeny, Ross has not met his burden under 28 U.S.C. § 2254(d).

\* \* \*

We have considered all of Ross's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
